## BRANCATO v. NATIONAL RESERVE LIFE INS. CO.

Circuit Court of Appeals, Eighth Circuit.
November 6, 1929.

No. 8605.

J. Francis O'Sullivan, of Kansas City, Mo. (George Halpern, of Kansas City, Mo., on the brief), for appellant.

Robert Stone, of Topeka, Kan. (James A. McClure, Robert L. Webb, and Beryl R. Johnson, all of Topeka, Kan., on the brief), for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

WOODROUGH, District Judge. A mother and daughter each signed a written application for a joint policy of insurance to be written on the two lives. They were examined by the local medical examiner of the insurance company, were deemed insurable by him, delivered the amount of the first annual premium in cash to the company's agent, and accepted a so-called "binding receipt" therefor, as follows:

"No. 42071 Binding Receipt—To be used 40736 when first premium is paid in cash.

"Received six hundred two and 50/100 dollars (602.50), in cash intended to be the first annual premium for proposed insurance of $10,000 on the life of Carmela Distefano and Lena Tumino, residing at 538 Troost, for which application is this day made to The National Reserve Life Insurance Company. Any insurance effected shall be in accordance with the terms and condition of this policy granted, and by reason of this payment shall be binding and in force from the date of the Medical Examination: Provided, said application shall be duly approved and accepted at the Home Office and that the above amount is the correct premium for the insurance approved and accepted, or if insufficient, shall immediately upon advice be made up to the correct amount. If the insurance applied for shall not be approved, the sum paid will be returned on surrender of this receipt.

"Dated Sept. 20, 1926.

"J. M. Grodzins

"(Signature of Agent.)

"Notice.—This receipt Must Not be used for partial cash payment or note settlement.

"$301.25 by check payable to company 310E15 H A 6202

"Bal to J. M. G."

The applications were forwarded and investigated. The company did not approve the applications, and so indicated by letter to the applicants, duly received by them. The letter, however, did not contain a refund of the payment made by the applicants, and some time after receiving the notification of the company's refusal to approve the applications, and before repayment or tender of the money was made by the company, the daughter died. The mother brought this suit to recover the amount of insurance applied for. A jury was waived, and, all the facts being stipulated, there was a trial to the court and judgment was rendered for the insurance company. Since the filing of the appeal in this court the appellant, Carmela Distefano, departed this life, and her executor has been substituted. By requests for findings and judgment, exceptions to the trial court's refusal, and appropriate assignments of error, appellant presents the question to this court whether the insurance company ought to pay the amount involved.

It is contended for appellant that the binding receipt by its wording evidenced a contract of interim or temporary insurance, which the company could not terminate without restoration or tender of the money that had been paid to it, and that the company is estopped to deny its liability because it retained the money after notice in writing from the applicants that, unless the money was forthwith returned, they would consider themselves insured.

Binding receipts substantially like the one relied upon by the appellant have received frequent consideration by the courts, and it is settled that the right reserved to the insurance company to accept or reject the application for insurance referred to in the receipt is absolute. Such binding receipts leave it within the power of the company wholly to reject, without giving any reason, and the whole subject, both affirmatively and negatively, is within its choice and discretion. The matter was elaborately considered by the Supreme Court in the early case of Insurance Co. v. Young's Administrator, 90 U. S. (23 Wall.) 85, 106, 23 L. Ed. 152 (1874), and we can find no departure in the federal decisions from the conclusions there announced. The form of receipt under consideration in that case was not different in substance from the one involved in the present case, and the court held concerning it that—

"The receipt of the 5th of June was the initial step of the parties. It reserved the absolute right to the company to accept or reject the proposition which it contained."

To the same effect, Mohrstadt v. Mutual Life Insurance (C. C. A.) 115 F. 81, and Drake v. Missouri State Life Ins. Co. (C. C. A.) 21 F.(2d) 39, and cases cited.

614

Appellant places some reliance upon the recital of the binding receipt that the policy shall be binding and in force from the date of the medical examination, which in this case was the date of the receipt. It is argued that there is an unfairness to the insured when a whole year's premium is taken by the company and the applicant is not covered during the part of the year consumed in investigation. The same provision was contained in the binding receipt considered by the Supreme Court in the case of Insurance Co. v. Young's Administrator, supra. That receipt was taken in San Francisco from an insurance company whose home office was in New York, when the time required to go the distance was from 23 to 30 days. It would appear to be a feature of binding receipts so long used and acquiesced in, and of such diminishing consequence in these days of quick communication, that no significance can be attached to it so far as the controversy here is concerned.

There is no real ambiguity in the binding receipt in this case that would turn it into a contract of interim or temporary insurance. In the second sentence of the receipt, the word "this" appears where it is evident from the whole context the word "the" would have been more appropriate to bring out the meaning. It reads: "Any insurance effected shall be in accordance with the terms and condition of 'this' policy granted." If it read, "Any insurance effected shall be in accordance with the terms and conditions of the policy granted," there would be no ground whatever to claim that the receipt evidenced any completed contract to insure either ad interim or temporarily. But the sense of the document is clear and not substantially affected. It is plainly headed "Binding Receipt," and not "Policy." It obviously is merely a receipt, and there is nothing in it to suggest that it is a policy. Its plain language refers wholly to insurance to be approved or not approved by the home office of the insurance company, and it is not calculated to deceive.

Nor can it be held that a contract of insurance was created by estoppel because of the delay of the company to refund the money paid on the issuance of the binding receipt. The correspondence of the insurance company shows that, in the absence of remittances from its agent, it was endeavoring to ascertain exactly what had been paid, without denying its responsibility for whatever that sum was, and it made tender at the time of suit. Where insurance is in force and the right of cancellation depends upon tender back of unearned premiums, failure to make such ten-der becomes important. But where, as in this case, the company had rejected the application for insurance, and had so informed the applicants by letter duly received by them, an insurance contract was not created by delay in tendering back the money receipted for.

The judgment is affirmed.